Argued November 18, affirmed December 15, 1975, reconsideration denied January 21, petition for review denied March 9,.1976

STATE OF OREGON, *Respondent, v.* EDDIE STEVEN GORDON (No. 45511), (CA 4772), *Appellant.*

543 P2d 321

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*James A. Hill,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

Defendant appeals his conviction for theft, ORS 164.055, on the ground that certain evidence admitted at trial, blank checks found in his hotel room, was the product of an illegal search.

The proprietor of a service station in Albany reported to the police that he had transferred a white 1967 Chevrolet to three individuals in exchange for a check which turned out to be fraudulently drawn.

Subsequently, Officer Pope of the Linn County Sheriff's office and a companion officer observed such a white 1967 Chevrolet parked in front of the Julian Hotel in Corvallis and learned from defendant that he had purchased it from a service station in Albany.

The next day Officers Pope and Rushmore returned to the Julian Hotel and proceeded to defendant's room where they found only Betty Davis. Ms. Davis told the officers that she and defendant were sharing the room. She then consented, both orally and in writing, to the officers' searching the room. This search revealed several blank checks linking defendant with the service station theft. These were discovered in a suitcase found in a closet.

Defendant contends that the seizure of the checks was illegal because Ms. Davis was without authority to consent to the search of his suitcase. The standard by which third-party consents to search are judged was recently stated in *State v. Fitzgerald*, 19 Or App 860, 864-65, 530 P2d 553 (1974) :

"Recent Oregon decisions have tested the va-

lidity of a third-party consent to a search by whether the defendant had a reasonable expectation of privacy as to the area searched. This includes consideration of two elements: whether the defendant had a subjective expectation of privacy, and whether this expectation was objectively reasonable. *State v. Middaugh,* 12 Or App 589, 507 P2d 42, Sup Ct *review denied* (1973); *State v. Stanton,* 7 Or App 286, 490 P2d 1274 (1971). *See also, Katz v. United States,* 389 US 347, 88 S Ct 507, 19 L Ed 2d 576 (1967). An important factor to consider in determining if the defendant had a reasonable expectation of privacy is whether the place or thing searched was for defendant's exclusive use, or whether one or more parties shared 'common dominion' over the area searched. *See, United States v. Matlock,* 415 US 164, 94 S Ct 988, 39 L Ed 2d 242 (1974); *State v. Middaugh,* supra."

We conclude that the trial court's implicit finding that defendant did not have a reasonable expectation of privacy as to the suitcase searched, and that the consent of Ms. Davis to search was therefore effective, is supported by the evidence.

Defendant and Ms. Davis had been living together for more than eight months. From this and other evidence in the record the trial judge was entitled to infer that defendant and Ms. Davis exercised "common dominion" over the hotel room they shared and its contents, including the suitcase in question. There is no evidence which would suggest otherwise. Defendant by living with Ms. Davis and by allowing her to jointly use the room and its contents assumed the risk that she would allow someone else to search it or its contents. *Frazier v. Cupp,* 394 US 731, 89 S Ct 1420, 22 L Ed 2d 684 (1969). *See also, United States v. Matlock,* 415 US 164, 94 S Ct 988, 39 L Ed 2d 242 (1974).

Affirmed.